UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAULA HERNANDEZ-PLASENCIA,

      Plaintiff,

v.                                                        Case No:        8:15-cv-887-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

Plaintiff, Paula Hernandez-Plasencia, seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental

Security Income ("SSI").  The Commissioner filed the Transcript of the proceedings (hereinafter

referred to as "Tr." followed by the appropriate page number) and the parties filed legal

memoranda in support of their positions.  For the reasons set out herein, the decision of the

Commissioner is **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the
ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The

impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

Only after the Commissioner meets this burden does the burden shift back to the claimant to show

that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty*

*v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff filed an application for SSI on July 25, 2011. (Tr. 196-203). Plaintiff's application

was denied initially on November 21, 2011, and upon reconsideration on February 10, 2012. (Tr.

116-22, 126-31). Plaintiff requested a hearing and, on August 20, 2013, a hearing was held before

Administrative Law Judge Eric Ken Eklund (the "ALJ"). (Tr. 20-62). On October 15, 2013, the

ALJ entered an unfavorable decision. (Tr. 99-115). Plaintiff requested review of the ALJ's

decision and the Appeals Council denied review on February 11, 2015. (Tr. 1-3). Plaintiff initiated

the instant action by Complaint (Doc. 1) filed on April 13, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since July 25, 2011, the application date. (Tr. 101). At step two, the

ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease;

right carpal tunnel syndrome; macular degeneration; metamorphosia; migraine headaches;

depression; and anxiety. (Tr. 101). At step three, the ALJ determined that Plaintiff did not have

an impairment or combination of impairments that meets or medically equals the severity of any

of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 102).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual

functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except she can never
> climb ladders, ropes, or scaffolds and never crawl, but can occasionally

climb ramps and stairs, and can occasionally balance, stoop, kneel, and crouch.   She can frequently handle, finger, and feel with the right (dominant) upper extremity.  She must avoid extreme cold, extreme heat, wetness, humidity, and excessive vibration, especially to the back.  The claimant is limited to occupations that do not require constant, fine, visual acuity.  The claimant is limited to simple, unskilled work.

(Tr. 104).  At step four, the ALJ found that Plaintiff had no past relevant work.  (Tr. 109).

At step five, the ALJ relied upon the testimony of a VE to find that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC.  (Tr. 109).  Specifically, the ALJ found that Plaintiff could perform such occupations as "sorting laundry," "merchandise maker," and "package sorter." (Tr. 109). Based on this finding, the ALJ concluded that Plaintiff has not been under a disability since July 25, 2011, the date Plaintiff's application was filed.  (Tr. 110).

### II.      Analysis

On appeal, Plaintiff raises a single argument: "[t]he Administrative Law Judge decision was in error in only finding that the Plaintiff was limited to occupations that did not require constant, fine visual acuity, and therefore, the Administrative Law Judge relied on a response by a vocational expert to an incomplete hypothetical." (Doc. 25 p. 5).  Plaintiff contends that the ALJ's finding that Plaintiff is limited to occupations that do not require "constant" fine visual acuity is nonsensical because visual acuity refers to the quality of a person's vision, not the quantity. (Doc. 25 p. 7).  In addition, Plaintiff contends that even if Plaintiff had normal near acuity vision in one eye, she may still have had problems with depth perception.  (Doc. 25 p. 7). According to Plaintiff, if the ALJ had reservations about Plaintiff's credibility with respect to her vision problems, the ALJ should have utilized a medical advisor at the hearing to give an opinion as to Plaintiff's ability to perform tasks that require near acuity.

"At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform." *Winschel v. Comm'r of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§404.1520(a)(4)(v), 416.920(a)(4)(v)).   An ALJ may use the Medical Vocation Guidelines or may obtain the testimony of a vocational expert to determine whether there a jobs that exist in the national economy that a claimant can perform.  *Id.*  If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson*, 284 F.3d at 1227.  Once the Commissioner identifies jobs that the Plaintiff can perform, "the claimant must prove she is unable to perform those jobs in order to be found disabled." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

In this case, the Court finds that the ALJ's step five finding that Plaintiff could adjust to other work was supported by substantial evidence.  In his opinion, the ALJ considered medical evidence concerning Plaintiff's vision.  (Tr. 105, 107-08).  Testing in January 2009 showed Plaintiff had visual acuity of 20/20 in the right eye and 20/30+2 in the left.  (Tr. 325).  Plaintiff's examining physician diagnosed macular degeneration and metamorphosia of the left eye.  (Tr. 325).  Testing in March and July 2009 was similar, except Plaintiff's left eye visual acuity was 20/40.  (Tr. 322-23).  In September 2011, Plaintiff's vision was 20/25 in the right eye and 20/50 in the left.  (Tr. 390).  Plaintiff reported having received new glasses that caused blurry vision. (Tr. 390).  Testing in November 2011 revealed that Plaintiff's corrected vision in both eyes was 20/20.  (Tr. 423).  At the administrative hearing, the ALJ questioned Plaintiff about her corrected vision and Plaintiff testified that her vision with glasses is 20/20.  (Tr. 37).

Based on this evidence the ALJ concluded that Plaintiff had some loss of visual acuity and limited Plaintiff to occupations that do not require constant, fine visual acuity.  At the administrative hearing, the ALJ asked a VE whether a hypothetical individual with the same RFC as Plaintiff, including Plaintiff's visual limitations, could perform other jobs existing in significant numbers in the national economy.  (Tr. 59).  The ALJ explained that the visual limitation would prevent the hypothetical individual from "scrutinizing very small things, threading needles all day long, or reading tiny script all day long."  (Tr. 59).  The VE responded that such an individual could adjust to other work.  (Tr. 60).  Because the hypothetical question contained Plaintiff's RFC including her visual limitations, the VE's testimony was substantial evidence supporting the ALJ's step five finding.

Plaintiff has failed to show that the ALJ's step five finding was erroneous.  While Plaintiff contends that it is nonsensical for the ALJ to limit Plaintiff only from jobs that require "constant" fine visual acuity, she provides no authority and no convincing reasoning to support this position.  Likewise, Plaintiff's suggestions that even if she had normal visual acuity in one eye, she would have depth perception problems is unsupported by the record.  It is Plaintiff's burden to establish disability, and Plaintiff fails to cite to any medical evidence assessing Plaintiff with depth perception issues.

Plaintiff has failed to show that the ALJ erred at step five by relying on the testimony of a VE who testified that a hypothetical individual with Plaintiff's RFC could adjust to other work in the national economy.  Accordingly, the Court will affirm the Commissioner's decision.

### III.    Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

- 8 -

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties